UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| TERRENCE JACKSON, et al., | ) |
| Plaintiffs, | ) Civil No. 6: 20-120-WOB |
| V. | ) |
| J. GILLEY, et al., | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendants. | ) |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Terrence Jackson is an inmate at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without an attorney, Jackson and three other inmates have filed a civil rights action pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1] [R. 1.] The complaint seeks money damages and injunctive relief due to the defendants' alleged failure to provide certain religious items to the plaintiffs, all members of the Nation of Islam.

Before filing a lawsuit regarding prison conditions, a prisoner must complete all steps of the prison's grievance process. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Jones v. Bock*, 459 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Ordinarily, failure to exhaust is an affirmative defense, and an inmate plaintiff is "not

---

[1] Although three other individuals signed the complaint, Jackson is the only one listed as a plaintiff on page one of the complaint form. [*Compare* R. 1 at 1 *with* R. 1 at 8.] It is unclear whether the plaintiffs wished to proceed jointly under Federal Rule of Civil Procedure 20(a)(1) or if they wish to bring a class action with Jackson as the class representative.

required to specially plead or demonstrate exhaustion in [his] complaint." *See Bock*, 549 U.S. at 216. However, here, the complaint does contain information about exhaustion and in fact makes clear that the plaintiffs have only partially completed the administrative remedy process. [*See* R. 1 at 4.] Thus, their federal case is premature.

According to the complaint, the plaintiffs have completed exhaustion at the FCI-Manchester level and the Regional level, but their appeal(s) to the Federal Bureau of Prisons Office of General Counsel remain pending. [*Id.*] Affidavits from the four plaintiffs summarily ask the Court to waive the exhaustion requirement because they have allegedly not received certain responses to their grievances from FCI-Manchester staff. [R. 1-2; R. 1-4; R. 1-5.] But, to the contrary, the record contains proof of timely responses from Counselor Campbell [*see* R. 1-1 at 2], Warden Gilley [*see id.* at 3], and Mid-Atlantic Regional Director Harmon [*see id.* at 5] to grievances filed by Tyrone Price. And Harmon's response, dated April 28, 2020, notably instructs Price to complete the administrative remedy process by appealing to the Office of General Counsel in Washington, D.C. [*Id.*]

Until the plaintiffs have fully completed each step of the administrative remedy process, their action is premature in this Court. Because it is clear from the face of the complaint that this matter is not yet fully exhausted, the Court will dismiss the complaint without prejudice. *See Bock*, 549 U.S. at 214-15 (2007) (finding a district court may dismiss a complaint *sua sponte* when it is apparent from the face of the complaint that a claim is barred by an affirmative defense); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) (indicating that a court can dismiss a case if the complaint itself makes it clear that the prisoner failed to exhaust); *Fletcher v. Myers*, No. 5:11-141-KKC (E.D. Ky. May 17, 2012), *aff'd*, No. 12-5630 (6th Cir. Jan. 4, 2013) ("Because Fletcher's

failure to exhaust, or to attempt to exhaust, administrative remedies is apparent from the face of his complaint, the district court properly dismissed Fletcher's complaint on that basis.").

For the foregoing reasons, the Court hereby **ORDERS** as follows:

1. The plaintiffs' complaint [R. 1] is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies;

2. Judgment will be entered contemporaneously herewith; and

3. This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 18th day of June, 2020.

Signed By:
*William O. Bertelsman* WOB
United States District Judge