UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | | |
|---|---|---|
| TERRENCE JACKSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. 6: 20-120-WOB |
| | ) | |
| V. | ) | |
| | ) | |
| J. GILLEY, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

Three motions in the above-styled action are pending before the Court, one filed by *pro se* plaintiff Terrence Jackson and the others by Tyrone Price, who is also a plaintiff proceeding without counsel in this matter.  The Court addresses these motions, as well as the confusion regarding the parties to this action, below.

On June 9, 2020, Terrence Jackson and three other inmates at the Federal Correctional Institution in Manchester, Kentucky, filed a complaint in this Court.  [R. 1.]  While the first page of the complaint listed only Jackson as the plaintiff [*see id.* at 1], Tyrone Price, Edward Robinson, and Norman Williams also signed the complaint.  [*Id.* at 8.]  Additionally, all four individuals attached affidavits to the complaint asserting that they were unable to obtain certified statements of their inmate account balances for purposes of paying the filing fee.  [R. 1-2; R. 1-4; R. 1-5; R. 1-6.]  Despite this, and presumably because of the prominence of Terrence Jackson's name on page one of the complaint, Jackson was the only plaintiff officially identified on the Clerk of the Court's docket sheet.

In the complaint, the four plaintiffs sought money damages and injunctive relief due to the defendants' alleged violation of their religious rights.  Notably, the complaint specifically stated

that, while a grievance appeal had been filed with the Office of General Counsel, the response to that appeal was still pending.  [*Id.* at 4-5.]  This Court explained that 42 U.S.C. § 1997e(a) requires prisoners to complete ***all*** steps of the prison's grievance process before filing a lawsuit regarding prison conditions.  [R. 4.]  Because the complaint made clear that the plaintiffs had not fully completed the process, the Court dismissed the complaint, without prejudice, as premature.  [*Id.*]  The Court also entered judgment.  Due to a scrivener's error, that judgment indicated the dismissal was with prejudice rather than without prejudice.  [*See* R. 5.]  Nevertheless, as made clear in the Court's opinion [R. 4 at 2-3], the Court intended to dismiss the complaint without prejudice, so that the plaintiffs could refile their action once the administrative remedy process was complete. Since Terrence Jackson was the only inmate officially listed as a plaintiff on the Clerk of the Court's docket sheet, Jackson was the only plaintiff who received a copy of the Court's opinion and judgment.

There are now three motions pending before the Court: a motion to set aside the judgment from Terrence Jackson [R. 8], and a motion to amend the complaint and a motion for preliminary injunction from Tyrone Price.  [R. 9; R. 10.]  The Court addresses each in turn.

First, Jackson's motion to set aside the judgment will be denied in part but granted in part. Jackson suggests the Court should set aside its judgment under Federal Rule of Procedure 60(b) for a number of reasons.  According to Jackson, "[t]he Court should have excused the exhaustion because the prison staff unit team are refusing to give the Plaintiff's the remedies due to the complaint so it cannot be filed."  [R. 8 at 3.]  This argument is unavailing.  Even assuming that FCI-Manchester officials are refusing, at present, to provide the plaintiffs with certain administrative remedy documents, the plaintiffs already affirmatively stated that an appeal before the Office of General Counsel was filed on April 6, 2020, and remains pending.  [R. 1 at 4.]  This

negates any need for the plaintiffs to obtain new administrative remedy-related documents from prison staff for purposes of the case at hand.  Instead, the next step in the process is for the Office of General Counsel to respond to the appeal.  Before that happens, the plaintiffs' case is premature in this Court.  Indeed, the Office of General Counsel could agree with the plaintiffs and order FCI-Manchester to provide them with their requested relief, thus mooting the need for any federal litigation.  Jackson's motion, therefore, does not change the analysis set forth by the Court in its prior opinion.

However, Jackson also suggests that the Court should grant relief under Federal Rule of Procedure 60(b) in order to allow the plaintiffs an opportunity to file a timely notice of appeal. Jackson takes issue with the fact that he alone received a copy of the Court's opinion and judgment, claiming the other three plaintiffs should have also been notified of the result.  According to Jackson, "the chance to appeal or object has been lost due to the court error."  [R. 8 at 3.]  While the Court notes that Jackson himself still could have filed a notice of appeal, the error could, presumably, have prevented one of the other three inmates from doing so in a timely manner. Furthermore, while the Court previously was unable to determine if the plaintiffs intended to proceed as co-plaintiffs or via a class action with Jackson as their class representative [*see* R. 4 at 1 n. 1], it is now abundantly clear that the plaintiffs intended to proceed jointly under Federal Rule of Civil Procedure 20.  Accordingly, the Court will amend the docket sheet in this matter to account for that intent, and all orders going forward will be mailed to all four inmates.

In addition, because the Court's June 18 judgment was not provided to each of the plaintiffs in this matter, and also because it erroneously stated the case was to be dismissed with prejudice, the Court will vacate it.   *See* Fed. R. Civ. P. 60(b)(6) (allowing the Court to grant relief from a judgment for "any . . . reason that justifies relief").  However, the Court will enter a new judgment

contemporaneously with this order.  The new judgment will make clear that the June 18 opinion remains in effect, and that the plaintiffs' complaint remains dismissed without prejudice for failure to exhaust administrative remedies.  *See Jones v. Bock*, 549 U.S. 199, 215-16 (2007) (recognizing a claim may be dismissed upon screening if an affirmative defense to the claim is plain from the face of the complaint).  If any of the four plaintiffs wishes to appeal this new judgment, they may follow Federal Rule of Appellate Procedure 4 in doing so.

Finally, as for the two motions filed by Tyrone Price, both will be denied.  Price wishes to amend the initial complaint to include a retaliation claim.  [R. 9.]  He also claims FCI-Manchester officials have removed legal materials from his cell and, accordingly, seeks preliminary injunctive relief.  [R. 10.]  But the claims in this case have already been dismissed.  And even if they weren't, Price fails to explain how his personal claim against Lieutenant Deaton—who, notably, was not named as a defendant to the complaint—for retaliation is properly joined with the four plaintiffs' joint claim for a violation of their religious freedoms.  While Price is free to file a retaliation claim and seek relief against Lieutenant Deaton in a new action, he will not be permitted to do so in this already closed one.

Therefore, and being otherwise sufficiently advised, the Court hereby **ORDERS** as follows:

1.     Plaintiff Terrence Jackson's motion to set aside the judgment [R. 8] is **GRANTED IN PART** and **DENIED IN PART**;

2.     The Clerk of the Court shall **AMEND** the docket sheet in this matter to list Terrence Jackson, Tyrone Price, Edward Robinson, and Norman Williams as plaintiffs;

3.     The Court's June 18, 2020 Judgment [R. 5] is **VACATED**, but a new Judgment will be entered contemporaneously herewith;

4.   Plaintiff Tyrone Price's motion to supplement [R. 9] and motion for a preliminary injunction [R. 10] are **DENIED**;

5.   The Clerk of the Court shall **PROVIDE** each of the four plaintiffs with a copy of the docket sheet in this matter, the Court's June 18 opinion [R. 4], the June 18 judgment [R. 5], this order, and the corresponding judgment;

6.   The plaintiffs are reminded that their complaint has been dismissed without prejudice, subject to their right to refile it upon fully exhausting their administrative remedies.  *See Jones*, 549 U.S. at 215-16; [R. 4.]  This means that the plaintiffs may refile their complaint, if desired, once the exhaustion process is completed or if an exception to the exhaustion requirement applies. The plaintiffs are further reminded that either the requisite filing fee, or an appropriate motion for leave to proceed *in forma pauperis*, is due at the same time a future complaint is filed;

7.   Judgment will be entered contemporaneously herewith; and

8.   This matter is **CLOSED** and **STRICKEN** from the Court's active docket.

This the 11th day of August, 2020.



Signed By:

**_William O. Bertelsman_** *WOB*

**United States District Judge**

5